UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABRY L. WHITE | CIVIL ACTION |
| VERSUS | NUMBER: 17-1876 |
| SHERIFF JAMES POHLMANN, ET AL. | SECTION: "G"(5) |

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Abry L. White, against Defendants, St. Bernard Parish Sheriff James Pohlmann; the unidentified Warden of the St. Bernard Parish Jail ("SBPJ"); and Captains Meyers and Silcio, Corporal Babin, and Deputy Ricks of the SBPJ. (Rec. doc. 4-1, pp. 1, 5).

Plaintiff is an inmate of the STPJ in Chalmette, Louisiana, who indicates that he was arrested on unspecified charges on October 2, 2013. (Rec. doc. 4-1, p. 4). In his complaint, Plaintiff first alleges that on unidentified dates, he submitted two grievances through the administrative remedy procedure ("ARP") in place at SBPJ that were not responded to despite the passage of 30 to 60 days. (*Id.* at p. 5). The subject matter of the two grievances centered on Plaintiff's dissatisfaction with the amount of stationary supplies that he was provided by SBPJ officials. (*Id.*). As a result of having an inadequate supply of writing materials, Plaintiff alleges that he is unable to properly defend himself from the criminal charges pending against him, including subpoenaing witnesses and public records, resulting in him having to "rehire" his Indigent Defender Board attorney and risking being convicted of a crime that he did not commit. (*Id.*). On an entirely unrelated topic, Plaintiff alleges that "… other inmates were allowed to throw urine and water on me while I have been on protective custody and in lockdown status." (*Id.*). In his prayer for relief, Plaintiff seeks "…

enough stationary supplies so I can re-fire my attorney …" as well as "… $5,000 dollars for pain and suffering for the deputies allowing other inmates to throw the liquids on me on many occasions and while I was on protective custody status." (*Id.* at p. 6).

As noted earlier, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 6). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's primary claim in the present case is that two grievances he lodged within the SBPJ ARP process were not resolved in a time frame of his liking. Unfortunately for Plaintiff, an inmate like himself has no constitutional right to an adequate and effective prison grievance procedure or to have his complaints investigated and resolved to his satisfaction. *Propes v. Mays*, 169 Fed.Appx. 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Tyson v. Tanner*, No. 08-CV-4599, 2009 WL 2883056 at *5 (E.D. La. Aug. 25, 2009). Turning to the subject matter of the grievances themselves, Plaintiff complained that as a result of being furnished with an insufficient supply of writing materials, he has been unable to adequately defend himself from the criminal charges pending against him and was forced to "rehire" his court-appointed attorney.[1] On that point,

---

[1] To the extent that Plaintiff's complaint can be read as alleging that the state has deprived him of the tools necessary to mount an adequate and effective criminal defense, he presents a claim sounding in the nature of *habeas corpus* which cannot be addressed until he has exhausted available state-court remedies with respect

2

"[a] criminal defendant who is represented by counsel has meaningful access to the courts vis-à-vis the criminal action pending against him." *Ford v. Foti*, 52 F.3d 1068, 1995 WL 241811 at *3 (5th Cir. 1995)(citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981)). Under these circumstances, Plaintiff's right of access to the courts, as guaranteed by the Constitution and as interpreted by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491 (1977), was clearly satisfied by his representation by counsel in his state-court criminal proceeding. *Chisolm v. Terral*, No. 12-CV-0437, 2013 WL 6669617 at *2 (E.D. La. Dec. 18, 2013)(and cases cited therein).

Finally, Plaintiff alleges that other unidentified inmates were allowed to throw urine and water on him on unspecified dates while he was housed in protective custody or in lockdown status. For these alleged occurrences, he sues the Sheriff, the Warden, and four correctional officers in the Warden's employ but gives no indication in his complaint of the capacity(ies) in which those Defendants are being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff

---

to that allegation. *See, e.g., Borning v. Cain*, 754 F.2d 1151, 1152 (5th Cir. 1985). As Plaintiff indicates on the face of his complaint that he has not previously initiated any other lawsuits, in state or federal court, dealing with the same facts involved in this action or otherwise relating to his imprisonment (rec. doc. 4-1, p. 1), he has clearly not exhausted available state-court remedies and it would thus be premature and inappropriate to address his allegations on *habeas corpus* grounds.

may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the Defendants in their official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Construing Plaintiff's allegations as having been made against the Defendants in their individual capacity, Plaintiff fares no better for the following reasons. Although Plaintiff identifies the Sheriff, Warden, and four other correctional officials as Defendants on pages one and five of his complaint (rec. doc. 4-1, pp. 1, 5), the factual allegations that he presents fail to specifically illustrate each of those Defendants' participation in the alleged wrong, a necessary requirement in a civil rights cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "To state a cause of action under §1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, <u>specifying the personal involvement of each defendant</u>." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(emphasis added)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, supervisory officials like the Sheriff and Warden cannot be held liable for civil rights violations allegedly committed by their associates based on a theory of strict or

vicarious liability. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985).

The foregoing pleading deficiencies notwithstanding, Plaintiff's final claim in this matter can best be characterized as a failure-to-protect claim. *Rue v. Gusman*, No. 09-CV-6480, 2010 WL 1930936 at *5 (E.D. La. May 11, 2010). With respect to said claims, the Fifth Circuit has held as follows:

> [to] establish a failure-to-protect claim under §1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
>
> *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(citations and internal quotation marks omitted).

Deliberate indifference is an extremely high standard to meet, *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and mere negligence by jail officials in failing to protect a prisoner from harm from another inmate does not form the basis of a §1983 claim. *Stout v. LeBlanc*, 599 Fed.Appx. 170, 171 (5th Cir. 2015).

The factual allegations presented by Plaintiff would admittedly be unpleasant if true, but they do not specifically demonstrate that any of the Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed and that they did, in fact, draw the inference. *Parker v. Currie*, 359 Fed.Appx. 488, 490 (5th Cir. 2010). More importantly, "[a] failure-to-protect claim that fails to allege any resulting physical injury does not state a[] [constitutional] violation entitling a prisoner to

5

compensatory damages."[2]  *Winding v. Sparkman*, 423 Fed.Appx. 473, 474 (5th Cir. 2011)(citing *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) and 42 U.S.C. §1997e(e)); *Castellano v. Treon*, 79 Fed.Appx. 6, 7 (5th Cir. 2003).  Because Plaintiff does not allege that he suffered any physical injury as a result of the matters complained of, he is not entitled to compensatory damages for emotional distress.  *Winding*, 423 Fed.Appx. at 474 (citing *Geiger*, 404 F.3d at 374).  For all these reasons, it will be recommended that Plaintiff's suit be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[3]

---

[2] The other form of relief sought by Plaintiff, the provision of an adequate supply of writing materials, is something the Court is not empowered to grant.

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

6

New Orleans, Louisiana, this __18th__ day of _____April_____, 2017.

                                        MICHAEL B. NORTH
                                 UNITED STATES MAGISTRATE JUDGE